Joel **GERBER**, on his own behalf and on behalf of all others similarly situated, Plaintiff,

v.

**COMPUTER ASSOCIATES INTERNATIONAL, INC.**, LWB Merge, Inc., Charles B. Wang, Anthony Wang, Sanjay Kumar and Jack M. Berdy, Defendants.

**No. 91 CV 3610 (SJ).**

United States District Court, E.D. New York.

Feb. 25, 1993.

Jeffrey H. Squire, Kaufman Malchman Kaufman & Kirby, Joshua N. Rubin, Abbey & Ellis, New York City, for plaintiff.

Michael A. McElroy, Shaffield, McElroy, Gracin & Lupu, Islandia, NY, for Computer Associates, defendants.

Steven E. Greenbaum, Berlack, Israels & Liberman, New York City, for defendant Jack M. Berdy.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

■ This order is intended to clarify the Memorandum and Order issued in the above-referenced matter on January 21, 1993, 812

F.Supp. 361. Defendant Berdy also moved to dismiss Count III of the Complaint pursuant to Fed.R.Civ.P. ("Rule") 9(b) for failure to plead fraud with particularity. To satisfy the requirements of Rule 9(b), the Complaint must specify the content, time, place and speaker of the alleged misrepresentation. *Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir.1990). The allegations must be specific enough to provide each defendant with notice of his alleged wrongful conduct. *Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir. 1985).

■ Count III of the Complaint alleges the following:

> Defendants, directly or indirectly, engaged in a common plan, scheme and unlawful conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices, and courses of business which operated as a fraud upon the plaintiff and other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading to plaintiff and the other Class members, and employed manipulative and deceptive devices and contrivances in connection with the purchased securities and in connection with the Tender Offer.

The Complaint goes on to identify the Offer to Purchase and Schedule 14D–9 as the documents containing the alleged misrepresentations. While Plaintiffs' brief implies that Berdy is responsible for all the alleged misrepresentations and omissions contained in the Offer to Purchase and Schedule 14D–9, the Complaint fails to specify Berdy's individual role with respect to each of the documents.

For example, Defendants Computer Associates and LWB made the Offer to Purchase. Complaint ¶ 39. If Berdy was an officer of Computer Associates, no specific connection between the Offer to Purchase and Berdy would be necessary. *Di Vittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987). But, where Berdy is the only individual defendant who is not an officer of the corporate defendant Computer

Associates, blanket references to "the defendants" seem particularly inappropriate.

The Court believes that the defects in pleading Count III with respect to Berdy are curable. Therefore, the Court hereby grants Berdy's motion to dismiss Count III for failing to conform with the requirements of Rule 9(b) and grants Plaintiff leave to file an amended complaint within 60 days from the date of this Order.

So Ordered.